```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
FRED AMERINO, MARY AMERINO, and
THOMASINA COSIMO,

                Plaintiffs,
                                          MEMORANDUM AND ORDER
     -against-                            06-CV-3281(JS)

STEVEN FASANO, UNITED STATES OF
AMERICA, and "JOHN DOE" and "JANE
DOE", said names being fictitious,
parties intended being possible
tenants or occupants of premises,
and any other person who may be
obligated by bond, note, or
otherwise,

                Defendants.
----------------------------------X
APPEARANCES:

For Plaintiffs:       Scott D. Giaccone, Esq.
                      Law Offices of Scott D. Giaccone
                      2780 Middle Country Road, Suite 312
                      Lake Grove, New York 11755

For Defendants:
United States:        James Halleron Knapp, Esq.
                      United States Attorneys' Office
                      Eastern District of New York
                      610 Federal Plaza
                      Central Islip, New York 11722

For Remaining
Defendants:           No Appearance
```

SEYBERT, District Judge:

On the Summons, Verified Complaint, and Notice of Pendency filed herein on June 23, 2006; on the Affidavit of Regularity of Scott D. Giaccone, Esq., sworn to on November 30, 2007, and the Affidavits of Service on the Defendants and the Notice of Appearance thereto annexed and heretofore filed, the

Court finds that:

This action was brought to foreclose a mortgage on real property situated in the County of Suffolk;

The parcel of land, with the buildings and improvements thereon erected, is situated in the Town of Brookhaven, County of Suffolk, State of New York, and is known and designated as Lot Nos. 57, 58, 59, 60, 61, and 62 in Block 12 as shown on a map entitled, "Map of Lakeview Park" and filed in the Office of the Clerk of the County of Suffolk as Map Number 246. Said lots, when taken together, are more particularly bounded and described according to said map as

> Beginning at a point on the southerly side of Wiggins Avenue distant 420.00 feet westerly from the corner formed by the intersection of the southerly side of Wiggins Avenue with the westerly side of Hawkins Avenue;
> Running thence south 15 degrees 34 minutes 00 seconds west 100.00 feet;
> Thence north 74 degrees 46 minutes 00 seconds west 120.00 feet;
> Thence north 15 degrees 34 minutes 00 seconds east 100.00 feet;
> Thence south 74 degrees 46 minutes 00 seconds east 120.00 feet to the point or place of beginning.
> SCTM: District 0200, Section 724.00, Block 02.00, Lot 078.000.

Said premises are also known as 22 Wiggins Street, Lake Ronkonkoma, New York 11779;

On April 23, 2007, this Court issued an Order appointing William R. Boccio, Esq., as Referee, to (1) ascertain and compute

the amount due to the Plaintiffs for principal, interest, and otherwise on the bond and mortgage set forth in the Complaint, and the amount due to such of the Defendants, as prior encumbrancers of the mortgaged premises, if any; (2) examine and report whether the mortgaged premises could be sold in parcels; and, if the whole amount secured by the mortgage had not become due, (3) report the amount thereafter to become due;

The outstanding balance of the principal sum secured by said mortgage, is the sum of $160,979.80, together with interest thereon and carrying charges expended by the Plaintiffs, is now due and payable;

All of the Defendants have appeared and waived notice, except Defendant, Steven Fasano, who has not answered or made any motion with respect to the Complaint;

None of the Defendants is an infant, incompetent or absentee;

The Notice of Pendency previously filed contains all of the particulars required by law to be stated in such notice;

More than twenty (20) days have elapsed since the filing of the Notice of Pendency;

The Referee's report, dated November 12, 2007, was filed with Clerk of the United States District Court, Eastern District of New York, on November 14, 2007. From this report, it appears that (1) the sum of $204,425.54, was due to the Plaintiffs on November

12, 2007, the date of the computation on the bond and mortgage described in the Complaint, and (2) the mortgaged premises should be sold in one parcel.

All parties entitled to it have been given notice of the Motion, and no one has appeared in opposition thereto.

On motion of Scott D. Giaccone, Esq., attorney for Plaintiffs, it is hereby

ORDERED that the report of the Referee be in all respects ratified and confirmed; and it is further

ORDERED that the Plaintiffs are entitled to have judgment herein for the sum of $204,425.54, together with interest thereon from the date of computation, November 12, 2007; and it is further

ORDERED that the mortgaged premises described in the Complaint and as hereinafter described be sold in one parcel subject to zoning ordinances, restrictions, and regulations and amendments thereto, of the municipality in which the premises are located; subject to covenants and restrictions of record, if any; subject to any state of facts an accurate survey may show; at public auction (the "Sale") at the GSA TRAINING ROOM, 1ST FLOOR, LONG ISLAND FEDERAL COURTHOUSE, 100 FEDERAL PLAZA, CENTRAL ISLIP, NEW YORK 11722, by and under the direction of the referee, William R. Boccio, Esq. ("Referee"), who is hereby appointed for that purpose; that the Referee give public notice of the time and place of the Sale according to law and the course and practice of this

Court in the SUFFOLK EDITION of NEWSDAY, a daily newspaper; that the Plaintiffs and any other parties to this action may become the purchaser or purchasers at the Sale; that in case the Plaintiffs shall become the purchasers at the Sale, they shall not be required to make any deposit thereon; and it is further

ORDERED that the Referee execute to the purchaser or purchasers on the Sale a deed of the premises sold; that the Referee on receiving the proceeds of the Sale forthwith pay therefrom the taxes, assessments, and water rates ("Taxes, Assessments, and Water Rates") which are or may become liens on the premises at the time of the Sale with such interest or penalties which may lawfully accrue thereon to the date of payment; that current taxes be apportioned; that the Referee then deposit the balance of the proceeds of the Sale in his own name as Referee in his escrow account, and shall thereafter make the following payments and his checks drawn for that purpose shall be paid by the depository;

FIRST: A sum not exceeding $750.00 to the Referee for his fees herein ("Referee Fee");

SECOND: The expenses of the Sale and advertising expenses as shown on the bills presented and certified by the Referee to be correct, and duplicate copies of which shall be left with the depository ("Sale and Advertising Expenses"); and

THIRD: The sum of $204,425.54, the amount so reported

5

due, together with the legal interest thereon from November 12, 2007, the date of the report, together with the costs and disbursements in the amount of $3,125.00, with interest thereon from the date hereof, or so much thereof as the purchase money of the mortgaged premises will pay of the same ("Amount Due to Plaintiffs").

It is further ORDERED that in the case that Plaintiffs are the purchasers of the mortgaged premises at the Sale, or in the event that the rights of the purchaser at the Sale and the terms of the Sale under this judgment shall be assigned to and be acquired by the Plaintiffs, and a valid assignment thereof filed with the Referee:

The Referee shall not require the Plaintiffs to pay in cash the entire amount bid at the Sale, but shall execute and deliver to the Plaintiffs a deed or deeds of the premises sold upon the payment to the Referee of the amount of the Referee Fee, the Sale and Advertising Expenses, and the amount of the Taxes, Assessments, and Water Rates and interest or penalties thereon, or in lieu of the payment of the Taxes, Assessments, and Water Rates upon filing with the Referee receipts from the proper municipal authorities, showing the payment thereof;

The balance of the amount bid after deducting therefrom the amount paid by the Plaintiffs for the Referee Fee, the Sale and Advertising Expenses, and Taxes, Assessments and Water Rates, shall

be allowed to the Plaintiffs and applied by the Referee upon the Amount Due to Plaintiffs; if after so applying the balance of the amount bid there shall be a surplus over and above Amount Due to Plaintiffs, the Plaintiffs shall pay to the Referee upon delivery to him of the Referee's deed the amount of such surplus; the Referee on receiving these amounts from the Plaintiffs shall forthwith pay therefrom the Taxes, Assessments, Water Rates and interest on penalties thereon, unless the same shall have already been paid, and shall pay the surplus moneys into Court.

It is further ORDERED that the Referee shall take the receipt of the Plaintiffs or their attorney for the Amount Due to Plaintiffs and file it with his report of the Sale; shall pay the surplus monies, if any, with the Suffolk County Treasurer within five days after the same shall be received and be ascertainable, to the credit of this action, to be withdrawn only on the order of the Court; shall make a report of the Sale and file it with the Clerk of Suffolk County, with all convenient speed; that if the proceeds of the Sale be insufficient to pay the Amount Due to Plaintiffs with the expenses of the Sale, interest, costs, and allowances, as aforesaid, the Referee shall specify the amount of such deficiency in his report of the Sale and that if the proceeds of the Sale be insufficient to pay the Amount Due to Plaintiffs, the Plaintiffs recover of the Defendant, Steven Fasano, the whole deficiency or so much thereof as the Court may determine to be just and equitable of

7

the residue of the mortgaged debt remaining unsatisfied after the Sale of the mortgaged premises and the application of the proceeds thereof, provided Plaintiffs file a motion for a deficiency judgment within the statutorily prescribed time period and the same amount thereof is determined and awarded by an Order of this Court.

It is further ORDERED that the purchaser or purchasers at the Sale be let into possession on production of the Referee's deed or deeds; and it is further

ORDERED that each and all of the Defendants in this action and all persons claiming under them or any or either of them after the filing of the Notice of Pendency of this action, be and they hereby are forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in said mortgaged premises and each and every part thereof.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
December 22, 2008